## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **GENE DOLESE** | **CASE NO. 6:23-CV-01225** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **K O K TRANSPORT LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 10). Defendants, KOK Transport, LLC, Oscar Javier Silva, Alpine Transportation Ins. Risk Retention Group, Inc., and Jorge Garza Trevino, opposed the Motion (Rec. Doc. 15), and Plaintiff replied (Rec. Doc. 19). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's motion be denied.

### Factual Background

Plaintiff filed this suit on July 27, 2023, in state court following an auto accident against the adverse driver, Trevino, Trevino's employers, KOK Transport and/or Silva, and their liability insurer, Alpine (collectively at times, "the liability defendants"). Plaintiff also sued his uninsured motorist insurer, Progressive

Paloverde Ins. Co. (Rec. Doc. 9-1, p. 1-5). On or before September 5, 2023, Plaintiff and Progressive executed a *Joint Motion to Enter into Stipulation, and Plaintiff's Motion for Partial Dismissal without Prejudice*, wherein the parties agreed that Progressive would tender its policy limits if Plaintiff recovered the full amount of underlying coverage from the liability defendants.[1] (Rec. Doc. 9-1, p. 99-101). The parties filed the Joint Stipulation on September 11, 2023, and the state court judge signed the dismissal order on September 18, 2023. (Rec. Doc. 9-1, p. 102). Meanwhile, on September 8, 2023, the liability defendants removed the case on the grounds of diversity jurisdiction. Plaintiff filed the instant motion to remand, arguing that Progressive failed to consent to the removal.

## **Law and Analysis**

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. Any ambiguities

---

[1] Although the Joint Stipulation does not indicate the date on which the attorneys signed, the pleading's certificate of service is dated September 5, 2023. (Rec. Doc. 9-1, p. 101).

are construed against removal because the removal statute should be strictly construed in favor of remand.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

The removing liability defendants, as the party seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that removal was otherwise proper. The parties do not contest diversity or the amount in controversy. Rather, Plaintiff contends Defendants' removal was procedurally improper for failure to obtain Progressive's consent.

Section1446(b)(2)(A) mandates that when a civil action is removed, all defendants who have been properly joined and served must join in or consent to the removal of the action. The Fifth Circuit has held that "[t]his rule simply requires that there be 'some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.'" *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002), quoting *Getty Oil v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n. 13 (5th Cir.1988). The court recognized an equitable exception to the general rule wherein exceptional circumstances might permit removal when a defendant fails to fully and timely comply with §1446. *Id.*, citing *Getty Oil*, 841 F.2d at 1263, n. 12.

3

Another exception to the general rule requiring consent of all parties is that "nominal" or "formal" parties need not join in the removal petition. *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.,* 925 F.2d 866, 871 (5th Cir. 1991). "To establish that non-removing parties are nominal parties, 'the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Id.,* quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A Dec.1981). Further,

At the time Defendants removed, Plaintiff had entered into a stipulation and agreed to dismiss Progressive. (Rec. Doc. 9-1, p. 99-101). Nevertheless, Plaintiff argues that because the Joint Stipulation was not filed, and the order of dismissal was not signed until after removal, Progressive's consent was required. The Court disagrees. The Fifth Circuit has held that a defendant with whom the plaintiff has settled and agreed to dismiss constitutes a nominal defendant whose consent is not required for removal. *Acosta v. Master Maint. & Const. Inc.,* 452 F.3d 373, 379 (5th Cir. 2006). The court reasoned:

> Whether a party is "nominal" for removal purposes depends on whether, in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff. We are satisfied that the severance of the LIG defendants, *voluntarily requested by Appellants* based on their agreement to settle and dismiss all claims against those defendants, would enable the court to reach a final

4

> judgment consistent with equity and good conscience and fair to Appellants.

*Id.* (cleaned up) (emphasis in original). See also *Bradley v. Maryland Cas. Co.,* 382 F.2d 415, 419 (8th Cir. 1967) (finding that a written stipulation to settle, for all practical purposes, rendered the parties nominal), cited with approval by *Acosta v. Master Maint. & Const., Inc.,* 52 F. Supp. 2d 699, 709 (M.D. La. 1999), affirmed by *Acosta*, 452 F.3d 373.

The same reasoning applies to this case. Plaintiff does not argue that his stipulation and agreement to dismiss Progressive was ineffective or that the stipulation was executed after removal. Rather, Plaintiff argues the stipulation was *filed* and the judgment of dismissal was signed after removal, thereby urging the Court to apply a hypertechnical interpretation to §1446(b)(2)(a). The Court declines to do so. At the time of removal on September 8, 2023, Plaintiff had entered into a stipulation agreeing to settle with and dismiss Progressive. Plaintiff's pre-removal stipulation renders Progressive a nominal party at the time of removal whose consent was not required. As such, the Court finds that removal was proper without Progressive's formal consent.

Plaintiff's reliance on jurisprudence pertaining to the voluntary-involuntary rule (Rec. Doc. 17-1, p. 3-4) is likewise unavailing, because timeliness of removal is irrelevant. Removal was proper regardless of Progressive's participation.

5

Progressive was a diverse party, and the requisite amount in controversy is established. (Rec. Doc. 1, ¶13).

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 10) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 6th day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE