# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **GENE DOLESE** | **CASE NO. 6:23-CV-01225** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **K O K TRANSPORT LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant, Jorge Garza Trevino's, Motion to Dismiss for Insufficient Service of Process pursuant to F.R.C.P. Rule 12(b)(5). (Rec. Doc. 13). Plaintiff opposed the Motion (Rec. Doc. 16). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Trevino's motion be denied without prejudice and that Plaintiff be granted additional time to effect service.

## Factual Background

Plaintiff filed this suit on July 27, 2023, in state court following an auto accident against the adverse driver, Trevino, Trevino's purported employers, KOK Transport and/or Oscar Javier Silva, and their liability insurer, Alpine Transportation Ins. Risk Retention Group. (Rec. Doc. 9-1, p. 1-6). He requested service on Trevino

"Through his registered agent (via La. R.S. 13:3474 et seq.): Louisiana Secretary of State" and separately at an address in Allende, NL, Mexico. (Id., p. 6). Plaintiff presented evidence that he sent the initial documents by FedEx to the Allende, Mexico address and that FedEx delivered the documents on August 8, 2023. (Rec. Doc. 16-1).

## Law and Analysis

When the validity of service of process has been contested, the plaintiff bears the burden of establishing proper service. *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992). Service upon an individual in a foreign country is governed by Fed. R. Civ. P. 4(f), which provides for proper service:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

(2) If there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

    (A) As prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

    (B) As the foreign authority directs in response to a letter rogatory or letter of request; or

    (C) Unless prohibited by the foreign country's law, by:

        (i) Delivering a copy of the summons and of the complaint to the individual personally; or

        (ii) Using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt or

(3) By other means not prohibited by international agreement, as the court orders.

Mexico and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. 20 U.S.T. 361 (1969). The Hague Convention is the exclusive means for service of process in cases where service emanates from one signatory nation and culminates in a foreign signatory nation. *Volkswagenwerk Akteingesellschaft v. Schlunk*, 486 U.S. 694, 710 (1988); *Howard v. Krull*, 438 F.Supp.3d 711, 714-15 (E.D. La. 2020). Where the Hague Convention applies, compliance with its terms is mandatory. *Volkswagenwerk Akteingesellschaft,* 486 U.S. at 705.

> Under the Hague Convention, service on a Mexican citizen must be initiated via Mexico's "Central Authority." Mexico formally objected to all alternative channels of service, including service via mail, under Article 10 of the Hague Convention, leaving service via the Central Authority as the sole means of service as to defendants within its borders. *Compass Bank v. Katz*, 287 F.R.D. 392, 396-97 (S.D. Tex. 2012) (internal citations omitted).

*Houston v. United Wisconsin Ins. Co.,* No. 6:22-CV-01344, 2022 WL 18144827, at *3 (W.D. La. Dec. 7, 2022), *report and recommendation adopted,* No. 6:22-CV-01344, 2023 WL 123642 (W.D. La. Jan. 6, 2023). See also *UOP LLC v. Industria del Hierro SA de CV*, No. 2:22-CV-01089, 2022 WL 2056363, at *3 (W.D. La. June 7, 2022).

Plaintiff admits that compliance with the Hague Convention is required to serve Trevino if he is a Mexican national. Plaintiff submitted evidence that his counsel has retained a third-party process server capable of serving process in Mexico under the Hague Convention. (Rec. Doc. 16-2). The Court is sympathetic of the inevitable time delays associated with Hague service and acknowledges Plaintiff's timely action in initiating the process. Indeed, F.R.C.P. Rule 4(m) excludes foreign service from the 90-day time limit for service. Accordingly, the Court finds that Trevino's Motion to Dismiss should be denied without prejudice and that Plaintiff should be afforded additional time to effect service under the Hague Convention.

## Conclusion

For the reasons discussed herein, the Court recommends that Jorge Garza Trevino's Motion to Dismiss for Insufficient Service of Process pursuant to Rule 12(b)(5) (Rec. Doc. 13) be DENIED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be granted additional time, until January 16, 2024, to serve Trevino.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE