UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GENE DOLESE** | **CASE NO. 6:23-CV-01225** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **K O K TRANSPORT L L C ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Alpine Transportation Insurance Risk Retention Group, Inc.'s ("Alpine") Motion to Dismiss. (Rec. Doc. 47). Plaintiff opposes the Motion (Rec. Doc. 50), and Alpine replied. (Rec. Doc. 58). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is RECOMMENDED that Alpine's Motion to Dismiss be DENIED.

### Factual Background

On July 27, 2023, Plaintiff filed a Petition for Damages in state court naming KOK Transport, LLC, Oscar Silva, Alpine, and Jorge Trevino, and Progressive Paloverde Insurance Company ("Progressive") as Defendants after Plaintiff was involved in a motor vehicle accident with an eighteen-wheeler owned by KOK

Transport, LLC, and Oscar Silva and operated by Jorge Trevino. (Rec. Doc. 1-3). At the time of the accident, Defendants KOK Transport, LLC, Oscar Silva, and Jorge Trevino were covered by an insurance policy issued by Alpine. (*Id*. at ¶ 1). The matter was removed on September 8, 2023, pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1).

## Applicable Law

### I.  Law applicable to Rule 12(b)(6)

To survive a Rule12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Alpine maintains that Plaintiff's claims against it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the 2024 amendment to the Louisiana Direct Action Statute, which was enacted after Plaintiff filed this lawsuit, "prevents a

plaintiff from proceeding directly against an insurer like Alpine unless one of the limited exceptions applies." (Rec. Doc. 47-1, p. 1). Alpine asserts that the 2024 amendment "should be applied prospectively *and* retroactively" and that "[u]ntil a judgment is entered or a settlement is reached Alpine should not be a defendant." (*Id.*)(emphasis in original). Plaintiff contends that the 2024 amendment does not apply retroactively where a plaintiff filed suit naming an insurance company prior to the amendment's effective date. (Rec. Doc. 50).

## II. <u>Louisiana Direct Action Statute (La. R.S. 22:1269)</u>

On August 1, 2024, the amendments to Louisiana's Direct Action Statute went into effect. Prior to the relevant amendment, a plaintiff could bring suit directly against an insurer jointly and *in solido* with its insured. Now, direct action suits against insurers are limited to enumerated exceptions. Pursuant to La. R.S. 22:1269(B):

> The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
>
> > (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
> > (b) The insured is insolvent.
> > (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.

3

  (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
  (e) When the insurer is an uninsured motorist carrier.
  (f) The insured is deceased.
  (g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

  Alpine, relying on Louisiana Civil Code Article 6, asserts that that "Louisiana law requires a retroactive application of the amended Statute" because the amendment "created new procedural law, not substantive law." (Rec. Doc. 47-1, p. 4). Plaintiff points to several federal district court and Louisiana cases wherein the courts found that "if a plaintiff files a direct action before the effective date of the amendment, a plaintiff cannot be retroactively divested of its procedural right granted by the Direct Action Statute because it is a 'vested property right.'" *Tridico v. Allianz Underwriters Ins. Co.*, No. CV 24-302, 2025 WL 1244855, at *5 (M.D. La. Apr. 22, 2025)(citing *Baker v. Amazon Logistics, Inc.*, 751 F. Supp. 3d 666 (E.D. La. 2024); *Smith v. Fortenberry*, No. CV 24-1647, 2024 WL 4462332 (E.D. La. Oct. 10, 2024); *Rogers v. Griffin*, No. 24-537 (La. App. 5 Cir. 12/20/24), 2024 WL 5183219.

  This Court agrees with the sound reasoning in *Tridico*. After analyzing a number of state and federal cases, the *Tridico* court summarized as follows:

> The question before this Court is whether the amendment to the Direct Action Statute applies retroactively when Plaintiff filed suit before the amendment's effective date. Persuaded by the analysis in *Baker,*

4

> *Rogers*, and *Maise*, the Court finds that Plaintiff invoked her procedural right under the Direct Action Statute, prior to the amendment's effective date on August 1, 2024, and thus, the legislative amendment cannot apply retroactively to divest Plaintiff of that right.
>
> The Louisiana Supreme Court has held that the Direct Action Statute is a procedural law. The Direct Action Statute "become[s] operative only when and if the remedy [it] serve[s] to facilitate is invoked." The Direct Action Statute "does not create an independent cause of action against the insurer[;] it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." "The Direct Action Statute facilitates a remedy for an injured third-party against the insurer of the insured tortfeasor." Therefore, "a plaintiff's right under the Direct Action [S]tatute is vested only when the plaintiff files suit, as it is at that moment that a plaintiff invokes his or her remedy conferred by the Direct Action [S]tatute."

*Tridico*, No. CV 24-302, 2025 WL 1244855, at *7 (internal citations omitted).

Here, Plaintiff filed suit against Alpine on July 27, 2023; thus, as in *Tridico,* Plaintiff's right was vested before the August 1, 2024 effective date of the amended Direct Action Statute. While the Court agrees that the Direct Action Statute is a procedural law, "to apply the amendment retroactively would unconstitutionally divest Plaintiff of her vested right" against Alpine. *Tridico*, No. CV 24-302, 2025 WL 1244855, at *7. Accordingly, the Court recommends that Alpine's Motion to Dismiss be denied.

## Conclusion

For the reasons discussed herein, it is recommended that Alpine's Motion to Dismiss (Rec. Doc. 47) be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 8th day of August, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE