UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GENE DOLESE** | **CIVIL DOCKET NO. 6:23-cv-01225** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **KOK TRANSPORT, LLC, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## JUDGMENT

After a de novo review of the record and the applicable law, the Court agrees with the ultimate conclusion of the Report and Recommendation of the Magistrate Judge. [Doc. 59]. In doing so, however, the Court emphasizes that "'no one has a vested right in any given mode of procedure.'" *Church Mut. Ins. Co. v. Dardar*, 145 So. 3d 271, 282 (La. 2014). This includes the Louisiana Direct Action Statute, La. R.S. § 22:1269. *Green v. Auto Club Group Ins. Co.,* 24 So. 3d 182, 184 (2009) ("The Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured."). It is axiomatic that the State of Louisiana has the authority to "determine the process by which legal rights are asserted and enforced so long as a party receives due notice and an opportunity to be heard." *Lott v. Dep't of Pub. Safety & Corr., Off. of Louisiana State Police*, 734 So. 2d 617, 621-22 (La. 1999).

This notwithstanding, here, the Court finds that dismissal of Plaintiff's insurer Alpine Transportation Insurance Risk Retention Group, Inc. ("Alpine") at this juncture would raise inherent fairness and due process concerns, with trial being set

to begin in less than three months. *See e.g. Maise v. River Ventures, L.L.C.*, 2024 WL 4266698, at *2 (E.D. La. Sept. 23, 2024).

Accordingly,

IT IS HEREBY ORDERED that Defendant Alpine's MOTION TO DISMISS [Doc. 47] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 28th day of August 2025.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE